1   Melissa D. Ingalls (State Bar No. 174861)
    mingalls@kirkland.com
2   Robyn E. Bladow (State Bar No. 205189)
    rbladow@kirkland.com
3   Shaun Paisley (State Bar No. 244377)
    spaisley@kirkland.com
4   KIRKLAND & ELLIS LLP
    777 South Figueroa Street
5   Los Angeles, California 90017
    Telephone:   (213) 680-8400
6   Facsimile:   (213) 680-8500

7   Attorneys for Defendants
    DIRECTV, Inc., DIRECTV Merchandising, Inc.,
8   DIRECTV Enterprises LLC, DIRECTV Holdings, LLC,
    DIRECTV Operations LLC, and The DIRECTV Group, Inc.

9
                    UNITED STATES DISTRICT COURT
10
                   CENTRAL DISTRICT OF CALIFORNIA
11

12  ANNETTE KAHALY and KATHLEEN )   Case No. CV 08-741 AG (ANx)
    O'BRIEN, Individually and on Behalf of )
13  All Others Similarly Situated,        )
                                          )   **DIRECTV'S ANSWER TO FIRST**
14              Plaintiffs,               )   **AMENDED COMPLAINT**
                                          )
15         v.                             )
                                          )
16                                        )
    DIRECTV, INC.; DIRECTV                )
17  MERCHANDISING, INC.; DIRECTV          )
    ENTERPRISES, LLC; DIRECTV             )
18  HOLDINGS, LLC; DIRECTV                )
    OPERATIONS LLC; and THE               )
19  DIRECTV GROUP, INC.,                  )
                                          )
20              Defendants.               )
                                          )
21

22

23

24

25

26

27

28

1         Answering Plaintiffs Annette Kahaly ("Kahaly") and Kathleen O'Brien's

2    ("O'Brien") (collectively "Plaintiffs") Complaint for violation of California Civil

3    Code §§ 1770 et seq., California Business and Professions Code §§ 17200 et seq.,

4    unjust enrichment, and unlawful assessment of liquidated damages under California

5    Civil Code § 1671(a), Defendants DIRECTV, Inc., DIRECTV Merchandising, Inc.,

6    DIRECTV Enterprises LLC, DIRECTV Holdings, LLC, DIRECTV Operations LLC,

7    and The DIRECTV Group, Inc. (collectively "DIRECTV") respond as follows to each

8    allegation in Plaintiffs' Complaint:

9         1.    Paragraph 1 contains legal conclusions and Plaintiffs' characterization of

10   their lawsuit, to which no response is required.  To the extent an answer is required,

11   DIRECTV denies all of the allegations in paragraph 1 and expressly denies that it

12   failed to make adequate disclosures or that class certification would be proper in this

13   case.

14        2.    DIRECTV admits that DIRECTV, Inc. offers for sale and sells satellite

15   television services, but denies the remaining allegations in the first sentence of

16   paragraph 2.  The remainder of the allegations in paragraph 2 contain legal

17   conclusions, to which no response is required.  To the extent an answer is required,

18   DIRECTV denies the remaining allegations in paragraph 2 and expressly denies that it

19   failed to make adequate disclosures or that its fees are excessive.

20        3.    Paragraph 3 contains legal conclusions, to which no response is required.

21   To the extent an answer is required, DIRECTV denies all of the allegations in

22   paragraph 3 and expressly denies that it has engaged in deceptive business practices.

23        4.    DIRECTV lacks sufficient information to form a belief as to the current

24   residence of Kahaly, but DIRECTV admits that its records show that Kahaly received

25   her DIRECTV service in Orange County, California.  DIRECTV admits that Kahaly

26   had DIRECTV equipment installed in her home on or about March 30, 2008.

27   DIRECTV admits that Kahaly canceled her DIRECTV service on or about April 10,

28   2008.  DIRECTV admits that its records show that Kahaly contacted DIRECTV on

1   April 4 and 10, 2008, regarding, among other things, service for certain programming

2   channels.  DIRECTV lacks sufficient information to form a belief as to when Kahaly

3   received her first DIRECTV billing statement, but states that DIRECTV, Inc. sent

4   Kahaly her first billing statement on or about March 30, 2008.  DIRECTV further

5   states that Kahaly's final bill was dated April 19, 2008.  DIRECTV admits that

6   Kahaly was assessed a $460.00 early cancellation fee and that on April 18, 2008 it

7   charged her account balance to the credit card Kahaly provided to DIRECTV, which

8   DIRECTV later reversed.  DIRECTV denies the remaining allegations in paragraph 4.

9        5.       DIRECTV lacks sufficient information to form a belief as to the current

10   residence of O'Brien, but DIRECTV admits that its records show that O'Brien

11   received her DIRECTV service in Pasco County, Florida.  DIRECTV also admits that

12   its records show that during a call with O'Brien's husband on December 8, 2007,

13   DIRECTV offered and Mr. O'Brien accepted an upgrade to new High Definition

14   equipment and a two-year programming commitment.  DIRECTV lacks sufficient

15   information to form a belief as to the truth of the allegations in the fourth sentence of

16   paragraph 5 and, on that basis, denies these allegations.  DIRECTV denies the

17   remaining allegations in paragraph 5.

18        6.       DIRECTV admits that DIRECTV, Inc. provides satellite television

19   services in the United States and makes receivers and other equipment needed to

20   receive these services available to its customers.  DIRECTV admits that DIRECTV,

21   Inc. is a corporation incorporated under the laws of California; DIRECTV

22   Merchandising, Inc. is a corporation incorporated under the laws of Delaware;

23   DIRECTV Enterprises, LLC is a limited liability company organized under the laws

24   of Delaware; and DIRECTV Operations, LLC is a limited liability company organized

25   under the laws of California.  DIRECTV admits that the principal place of business

26   for each DIRECTV defendant is El Segundo, California.  DIRECTV denies the

27   remaining allegations in paragraph 6.

28        7.       DIRECTV admits that its principal place of business is located in the

-2-

1   Central District of California, and that it conducts business in the Central District of

2   California.  The remaining allegations in paragraph 7 contain legal conclusions, to

3   which no response is required.  To the extent an answer is required, DIRECTV denies

4   the remaining allegations in paragraph 7.

5        8.     DIRECTV admits that diversity of citizenship exists between the

6   proposed class members and DIRECTV, but denies that this Court has jurisdiction

7   over the causes of action asserted herein on behalf of a purported nationwide class

8   because most of the putative class members agreed to arbitrate this dispute.  The

9   remaining allegations in paragraph 8 contain legal conclusions, to which no response

10  is required.  To the extent an answer is required, DIRECTV denies the remaining

11  allegations in paragraph 8.

12       9.     DIRECTV admits that DIRECTV, Inc. is a provider of satellite television

13  service in the United States, but denies the remaining allegations in paragraph 9.

14       10.    DIRECTV lacks sufficient information to form a belief as to the truth of

15  the allegations in paragraph 10 and, on that basis, denies these allegations.

16       11.    DIRECTV admits that Kahaly contacted DIRECTV, Inc. by phone on

17  March 24, 2008.  DIRECTV lacks sufficient information to form a belief as to the

18  truth of the remaining allegations in paragraph 11 and, on that basis, denies these

19  allegations.

20       12.    DIRECTV admits that its records show that a home service provider

21  installed two standard DIRECTV Receivers, a DIRECTV Receiver Plus DVR, and a

22  satellite dish at Kahaly's home on March 30, 2008.  DIRECTV admits that its records

23  show that Kahaly executed the DIRECTV Equipment Lease Addendum ("Lease

24  Addendum") on March 30, 2008.  DIRECTV lacks sufficient information to form a

25  belief as to the truth of the remaining allegations in paragraph 12 and, on that basis,

26  denies these allegations.

27       13.    DIRECTV admits that Kahaly signed the Lease Addendum and that the

28  document speaks for itself.  DIRECTV denies any characterization of the Lease

-3-

1  Addendum that is inconsistent with the document itself.  DIRECTV lacks sufficient

2  information to form a belief as to the truth of the remaining allegations in paragraph

3  13 and denies these allegations on this basis.  DIRECTV expressly denies that the

4  Lease Addendum is misleading.

5      14.    DIRECTV admits that Kahaly signed the Lease Addendum and that the

6  document speaks for itself.  DIRECTV denies any characterization of the Lease

7  Addendum that is inconsistent with the document itself.  DIRECTV lacks sufficient

8  information to form a belief as to the truth of the remaining allegations in paragraph

9  14 and, on that basis, denies these allegations.

10      15.    DIRECTV admits that its records show that Kahaly contacted DIRECTV,

11  Inc. on April 4, 2008, regarding, among other things, HBO programming services.

12  DIRECTV lacks sufficient information to form a belief as to the truth of the remaining

13  allegations in paragraph 15 and, on that basis, denies these allegations.

14      16.    DIRECTV admits that its records show that Kahaly contacted DIRECTV,

15  Inc. on April 10, 2008, regarding, among other things, HBO programming services.

16  DIRECTV lacks sufficient information to form a belief as to the truth of the remaining

17  allegations in paragraph 16 and, on that basis, denies these allegations.

18      17.    DIRECTV lacks sufficient information to form a belief as to when

19  Kahaly received her first billing statement, but states that Kahaly's first billing

20  statement was sent to her on or about March 30, 2008, and that it contained a copy of

21  the DIRECTV Customer Agreement.  DIRECTV admits that Kahaly was assessed a

22  $460.00 early cancellation fee and that on April 18, 2008 it charged her account

23  balance to the credit card Kahaly had provided to DIRECTV, which DIRECTV later

24  reversed.  DIRECTV admits that a copy of the 2007 Customer Agreement is included

25  in Exhibit B to Plaintiffs' First Amended Complaint and states that the document

26  speaks for itself.  DIRECTV denies any characterization of the 2007 Customer

27  Agreement that is inconsistent with the document itself.  DIRECTV denies the

28  remaining allegations in paragraph 17.

18.    DIRECTV states that the Customer Agreement speaks for itself, and denies any characterization of the Customer Agreement that is inconsistent with the document itself.  DIRECTV also admits that the Lease Addendum informed Ms. Kahaly of her programming commitment and the potential cancellation fee. DIRECTV denies the remaining allegations in paragraph 18.

19.    DIRECTV states that the Customer Agreement speaks for itself. DIRECTV denies any characterization of the Customer Agreement that is inconsistent with the document itself.  DIRECTV admits that the Customer Agreement's waiver of class arbitration procedures was determined to be unenforceable under California law as applied to California customers, but denies that the Customer Agreement is governed by California law with respect to non-California customers.  DIRECTV denies all allegations in paragraph 19 that are inconsistent with the Customer Agreement's choice-of-law provision.  DIRECTV denies the remaining allegations in paragraph 19.

20.    DIRECTV admits that its records show Kahaly contacted DIRECTV, Inc. on April 24, 2008, regarding the cancellation fee.  DIRECTV admits that its records show Kahaly was informed during this phone call of DIRECTV's bill dispute address. DIRECTV admits that Kahaly emailed DIRECTV, Inc. on or about April 28, 2008 regarding the cancellation fee.  DIRECTV further admits that its website contains information about programming commitments and potential cancellation fees. DIRECTV lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 20 and, on that basis, denies these allegations.

21.    Paragraph 21 contains legal conclusions, to which no response is required.  To the extent an answer is required, DIRECTV denies the allegations in the first sentence of paragraph 21, and DIRECTV otherwise lacks sufficient information to form a belief as to the truth of the remaining allegations in paragraph 21 and, on that basis, denies these allegations.

22.    DIRECTV denies the allegations in the first sentence of paragraph 22.  In

1 | response to the second sentence in paragraph 22, DIRECTV admits that its records
2 | show Mr. O'Brien agreed to upgrade to an HD receiver on December 8, 2007, and that
3 | HD service was activated on O'Brien's account on December 10, 2007.  DIRECTV
4 | lacks sufficient information to form a belief as to Mr. or Mrs. O'Brien's purchase of
5 | an HD television and, on that basis, denies these allegations.  DIRECTV denies the
6 | allegations in the third sentence of paragraph 22.  DIRECTV lacks sufficient
7 | information to form a belief as to the truth of the allegations in the fourth sentence of
8 | paragraph 22 and, on that basis, denies these allegations.

9 |      23.   DIRECTV lacks sufficient information to form a belief as to the truth of
10 | the allegations in the first, second, and third sentences in paragraph 23 and, on that
11 | basis, denies these allegations.  DIRECTV denies that the O'Briens were informed for
12 | "the first time," on December 17, 2007, about their programming commitment.
13 | DIRECTV denies the allegations in the fourth sentence of paragraph 23.

14 |      24.   DIRECTV admits that in December 2007 O'Brien requested a temporary
15 | suspension of her service.  DIRECTV lacks sufficient information to form a belief as
16 | to the truth of the remaining allegations in paragraph 24 and, on that basis, denies
17 | these allegations.

18 |      25.   DIRECTV admits that O'Brien was sent a bill on or about April 8, 2008.
19 | DIRECTV admits that its records show that DIRECTV, Inc. suspended O'Brien's
20 | account on January 27, 2008.  DIRECTV admits that its records show that O'Brien
21 | contacted DIRECTV, Inc. on April 14, 2008 to disconnect her service, and that
22 | O'Brien confirmed that she was aware of her programming commitment and
23 | cancellation fee.  DIRECTV further admits that its records show that Mr. O'Brien
24 | contacted DIRECTV on May 12, 2008, disputing the cancellation fee and that
25 | escalations was discussed during that call.  DIRECTV lacks sufficient information to
26 | form a belief as to the truth of the remaining allegations in paragraph 25 and, on that
27 | basis, denies these allegations.

28 |      26.   DIRECTV admits that its records show that, on May 14, 2008,

-6-

1  DIRECTV, Inc. charged $607.25 to the credit card O'Brien provided to DIRECTV.

2  DIRECTV denies this was done without O'Brien's permission.  DIRECTV admits

3  that its records show O'Brien's account had an existing balance of $109.30 on May

4  10, 2008, at which time O'Brien was charged $440.00 as an early cancellation fee and

5  $57.95 as tax.  DIRECTV lacks sufficient information to form a belief as to the truth

6  of the remaining allegations in paragraph 26 and, on that basis, denies these

7  allegations.

8  ## CLASS ALLEGATIONS

9      27.    Paragraph 26 contains legal conclusions and Plaintiffs' characterization

10  of their complaint, to which no response is required.  To the extent that a response is

11  required, DIRECTV denies all allegations in paragraph 27.  DIRECTV expressly

12  denies that class certification would be proper in this case.

13      28.    DIRECTV admits that, in The DIRECTV Group, Inc.'s Form 10-Q filing

14  with the SEC for the quarter ending March 31, 2008, The DIRECTV Group, Inc.

15  stated that DIRECTV U.S. had approximately 17 million subscribers.  The remainder

16  of the allegations in paragraph 28 contain legal conclusions, to which no response is

17  required.  To the extent that a response is required, DIRECTV denies the remaining

18  allegations in paragraph 28.  DIRECTV expressly denies that class certification would

19  be proper in this case.

20      29.    Paragraph 29 contains legal conclusions, to which no response is

21  required.  To the extent that a response is required, DIRECTV denies the allegations

22  in paragraph 29.  DIRECTV expressly denies that class certification would be proper

23  in this case.

24      30.    Paragraph 30 contains legal conclusions, to which no response is

25  required.  To the extent that a response is required, DIRECTV denies the allegations

26  in paragraph 30.  DIRECTV expressly denies that class certification would be proper

27  in this case.

28      31.    Paragraph 31 contains legal conclusions, to which no response is

1   required.  To the extent that a response is required, DIRECTV denies the allegations
2   in paragraph 31.  DIRECTV expressly denies that class certification would be proper
3   in this case.

**FIRST CAUSE OF ACTION**

5       32.   DIRECTV incorporates by reference paragraphs 1 through 31 of this
6   Answer as if set forth herein.

7       33.   Paragraph 33 does not contain factual allegations and accordingly, does
8   not require a response.  To the extent a response is required, DIRECTV expressly
9   denies that class certification would be proper in this case.

10       34.   Paragraph 34 contains legal conclusions, to which no response is
11   required.  To the extent that an answer is required, DIRECTV states the California
12   Civil Code speaks for itself and denies any inconsistent allegations.

13       35.   Paragraph 35 contains legal conclusions, to which no response is
14   required.  To the extent that an answer is required, DIRECTV denies the allegations in
15   paragraph 35.  DIRECTV expressly denies that its policies, acts, or practices violate
16   the CLRA.

17       36.   Paragraph 36 contains legal conclusions, to which no response is
18   required.  To the extent that an answer is required, DIRECTV admits that Plaintiffs
19   sent DIRECTV a letter purporting to be a preliminary notice and demand as required
20   by Section 1782 of the CLRA, but disputes the allegations contained in that letter, and
21   DIRECTV denies the remaining allegations in paragraph 36.  DIRECTV expressly
22   denies that any of its policies, acts, or practices harmed Plaintiffs or members of the
23   putative class.

24       37.   Paragraph 37 contains legal conclusions, to which no response is
25   required.  To the extent that an answer is required, DIRECTV, DIRECTV denies the
26   allegations in paragraph 37.

**SECOND CAUSE OF ACTION**

28       38.   DIRECTV incorporates by reference paragraphs 1 through 37 of this

1  Answer as if set forth herein.

2      39.    Paragraph 39 does not contain factual allegations and accordingly, does

3  not require a response.  To the extent a response is required, DIRECTV expressly

4  denies that class certification would be proper in this case.

5      40.    Paragraph 40 contains legal conclusions, to which no response is

6  required.  To the extent that an answer is required, DIRECTV states the California

7  Business and Professions Code speaks for itself and denies any inconsistent

8  allegations.

9      41.    Paragraph 41 contains legal conclusions, to which no response is

10  required.  To the extent an answer is required, DIRECTV denies the allegations in

11  paragraph 41.  DIRECTV expressly denies that it violated the CLRA or California

12  Civil Code § 1671.

13      42.    Paragraph 42 contains legal conclusions, to which no response is

14  required.  To the extent an answer is required, DIRECTV denies the allegations in

15  paragraph 42.  DIRECTV expressly denies that it violated the UCL.

16      43.    Paragraph 43 contains legal conclusions, to which no response is

17  required.  To the extent an answer is required, DIRECTV denies the allegations in

18  paragraph 43.  DIRECTV expressly denies that it violated the UCL.

19  **THIRD CAUSE OF ACTION**

20      44.    DIRECTV incorporates by reference paragraphs 1 through 43 of this

21  Answer as if set forth herein.

22      45.    Paragraph 45 does not contain factual allegations and accordingly, does

23  not require a response.  To the extent a response is required, DIRECTV expressly

24  denies that class certification would be proper in this case.

25      46.    Paragraph 46 contains legal conclusions, to which no response is

26  required.  To the extent that a response is required, DIRECTV denies the allegations

27  in paragraph 46.

28  **FOURTH CAUSE OF ACTION**

1    47.    DIRECTV incorporates by reference paragraphs 1 through 46 of this

2    Answer as if set forth herein.

3    48.    Paragraph 48 does not contain factual allegations and accordingly, does

4    not require a response.  To the extent a response is required, DIRECTV expressly

5    denies that class certification would be proper in this case.

6    49.    Paragraph 49 contains legal conclusions, to which no response is

7    required.  To the extent that an answer is required, DIRECTV states the California

8    Civil Code speaks for itself and denies any inconsistent allegations.

9    50.    DIRECTV admits that the DIRECTV Equipment Lease Addendum

10    describes the terms and conditions for the lease of DIRECTV equipment by certain

11    customers, and must be read with the DIRECTV Customer Agreement, which

12    describes the terms and conditions upon which a DIRECTV customer accepts

13    DIRECTV services and equipment.  DIRECTV otherwise denies the allegations in

14    paragraph 50.

15    51.    Paragraph 51 contains legal conclusions, to which no response is

16    required.  To the extent an answer is required, DIRECTV states that the DIRECTV

17    Equipment Lease Addendum speaks for itself, and denies any allegations in paragraph

18    51 inconsistent with that document.

19    52.    Paragraph 52 contains legal conclusions, to which no response is

20    required.  To the extent an answer is required, DIRECTV denies the allegations in

21    paragraph 52.

22    53.    Paragraph 53 contains legal conclusions, to which no response is

23    required.  To the extent an answer is required, DIRECTV denies the allegations in

24    paragraph 53.  DIRECTV expressly denies that its early cancellation fee violates

25    California Civil Code § 1671(d).

26    **PRAYER FOR RELIEF**

27    Answering Plaintiffs' Prayer for Relief, DIRECTV denies that Plaintiffs are

28    entitled to judgment in their favor on any of their claims, and denies that they are

-10-

1    entitled to any of the relief they request.

2    ## AFFIRMATIVE DEFENSES

3      By setting forth these affirmative defenses, DIRECTV does not assume the

4    burden of proving any fact, issue, or element of a claim for relief where such burden

5    properly belongs to Plaintiffs.  Moreover, nothing stated herein is intended to be

6    construed as an acknowledgment that any particular issue or subject matter is relevant

7    to this action.  Nor shall anything stated or unstated constitute an admission of any

8    kind.

9    ## FIRST AFFIRMATIVE DEFENSE

10   (Failure to State A Claim)

11     The Complaint fails to state a claim upon which relief may be granted.

12   ## SECOND AFFIRMATIVE DEFENSE

13   (Arbitration Agreement)

14     Members of the putative class' claims are subject to arbitration and,

15   accordingly, this Court is not the proper forum to resolve this dispute as a purported

16   nationwide class action.

17   ## THIRD AFFIRMATIVE DEFENSE

18   (Lack of Standing)

19     Plaintiffs and the putative class lack standing to assert the claims alleged in the

20   Complaint.

21   ## FOURTH AFFIRMATIVE DEFENSE

22   (No Injury In Fact / No Damage)

23     Plaintiffs' claims are barred in whole or in part because neither they, nor any

24   member of the putative class, suffered any injury in fact or any damage as a result of

25   DIRECTV's alleged conduct.

26   ## FIFTH AFFIRMATIVE DEFENSE

27   (Lack of Causation)

28     DIRECTV was not the legal or proximate cause of the damages, if any, alleged

-11-

1 | by Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

### (Reliance Unreasonable)

Without admitting that Plaintiffs have stated a cause of action under Business and Professions Code §§ 17200, et seq. or sufficiently pled reliance, DIRECTV alleges that Plaintiffs' claims are barred because any reliance by Plaintiffs on any alleged representations was not reasonable.

## SEVENTH AFFIRMATIVE DEFENSE

### (Compliance With Applicable Law)

DIRECTV's practices are not unlawful in that DIRECTV complied with all applicable statutes and regulations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Practice Not Unfair)

Without admitting any of the practices alleged in Plaintiffs' Complaint and without admitting that any such practices caused damage to Plaintiffs or any other person, Plaintiffs' claims are barred because any such practices are not unfair in that the benefits of the practices outweigh whatever harm or impact they may cause to Plaintiffs or any other person.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' action is barred by the statutes of limitations applicable to their claims and any claims of the putative class members.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Condition Precedent)

Plaintiffs and members of the putative class have failed to perform conditions precedent to assert any claims and are therefore barred from relief as requested in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Without admitting that any act of DIRECTV caused damage to Plaintiffs or any other person, DIRECTV asserts that any recovery by Plaintiffs must be diminished or barred by reason of their failure to mitigate or attempt to mitigate any alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (Voluntary Payment)

Plaintiffs' claims and/or those by the putative class members are barred by the voluntary payments doctrine because they were paid under a claim of right to the payment with full knowledge of the facts.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith / Bona Fide Error)

Without admitting any alleged violation of the California Consumers Legal Remedies Act, DIRECTV asserts as a defense to Plaintiffs' first claim for relief that any alleged violation of the California Consumers Legal Remedies Act was not intentional, but rather resulted from a bona fide error notwithstanding the use of reasonable procedures adopted to avoid any such error, and DIRECTV made appropriate correction to the issue once notified of the error.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Injury Caused By Third Parties)

Plaintiffs' claims are barred because any harm allegedly suffered by Plaintiffs or any putative class members was caused and/or contributed to by third parties.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Improper Class Action)

Plaintiffs' class claims are barred in whole or in part because this action is not properly maintainable as a class action.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiffs may not recover any amount paid to DIRECTV because such recovery would amount to unjust enrichment.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Any recovery under the Complaint is barred by the doctrine of waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Any recovery on the Complaint is barred by the doctrine of estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Any recovery under the Complaint is barred by the doctrine of unclean hands. For example, Plaintiffs, in their Complaint, misrepresent the facts and circumstances of the transaction, and have failed to disclose that they acknowledged and accepted the terms and conditions about which they now complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Plaintiffs may not recover on their claims because the relief sought is speculative and remote, and the Court lacks a sufficiently non-speculative basis on which to fashion the relief Plaintiffs request.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

The injury or damage suffered by Plaintiffs, if any there be, would be adequately compensated in an action at law for damages.  Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation of Other Affirmative Defenses)

-14-

1    DIRECTV continues to investigate the facts and evidence surrounding the

2    subject incident and is therefore unable to ascertain at this time any additional

3    defenses it may have.  DIRECTV expressly reserves its right to amend this Answer to

4    assert such other affirmative defenses as may become apparent subsequent to the

5    filing of this Answer, whether in discovery, at trial, or otherwise.

6                    **DIRECTV'S PRAYER FOR RELIEF**

7    WHEREFORE, DIRECTV denies that Plaintiffs are entitled to any of the relief

8    sought in the Complaint or to any relief whatsoever, and prays for judgment as

9    follows:

10       A.    That Plaintiffs take nothing under the Complaint and that the Complaint

11             be dismissed with prejudice;

12       B.    That judgment be entered in favor of DIRECTV as to all causes of action

13             asserted against it;

14       C.    That DIRECTV be awarded its costs of suit and reasonable attorneys'

15             fees to the extent permitted by law; and

16       D.    That DIRECTV be granted such other and further relief as the Court

17             deems just and proper.

18

19   DATED:  September 10, 2008          KIRKLAND & ELLIS LLP

20                                        ____s/ Robyn E. Bladow_____
                                          Robyn E. Bladow
21

22                                        Attorneys for Defendants

23                                        DIRECTV, Inc., DIRECTV
                                          Merchandising, Inc., DIRECTV
24                                        Enterprises LLC, DIRECTV Holdings
                                          LLC, DIRECTV Operations LLC, and The
25                                        DIRECTV Group, Inc.

26

27

28