Melissa D. Ingalls (State Bar No. 174861)
mingalls@kirkland.com
Robyn E. Bladow (State Bar No. 205189)
rbladow@kirkland.com
Shaun Paisley (State Bar No. 244377)
spaisley@kirkland.com
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Attorneys for Defendant DIRECTV, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DIRECTV EARLY CANCELLATION FEE LITIGATION<br><br>This Document Relates To:<br>    All Actions. | CASE NO. 08-CV-741 AG (ANx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DIRECTV'S MOTION TO DISMISS CLAIMS AND TO STRIKE ALLEGATIONS IN PLAINTIFFS' CONSOLIDATED CLASS COMPLAINT**<br><br>Judge: Hon. Andrew J. Guilford<br>Hearing Date: March 30, 2009<br>Hearing Time: 10:00 a.m.<br>Courtroom: 10D |

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION .................................................................................................. 1

II. PROCEDURAL BACKGROUND ....................................................................... 2

III. LEGAL STANDARD ............................................................................................ 3

IV. ARGUMENT .......................................................................................................... 3

    A. The Consumer Leasing Act Does Not Apply To Leases Of Home Entertainment Receiving Equipment. ........................................................... 3

    B. Plaintiffs Cannot Bring A Declaratory Relief Claim Premised On The Assurance Of Voluntary Compliance, And All References To The Assurance Should Be Stricken. .............................................................. 5

    C. The Parties' Choice-Of-Law Agreement Bars The Assertion Of California Claims By Non-California Plaintiffs. ........................................... 7

    D. Plaintiff Mulea's Money Had And Received And Unjust Enrichment Claims Should Be Dismissed Because He Has Failed To Allege Essential Elements Of Those Claims. ................................... 10

V. CONCLUSION ..................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*ABF Capital Corp. v. Berglass*,
   130 Cal. App. 4th 825 (2005) .................................................................................9

*Big Bear Lodging Ass'n v. Snow Summit, Inc.*,
   182 F.3d 1096 (9th Cir. 1999) ................................................................................3

*Clegg v. Cult Awareness Network*,
   18 F.3d 752 (9th Cir. 1994) ................................................................................3, 4

*Cont'l Airlines, Inc. v. Mundo Travel Corp.*,
   412 F. Supp. 2d 1059 (E.D. Cal. 2006) .................................................................8

*Discover Bank v. Super. Ct.*,
   134 Cal. App. 4th 886 (2005) ...............................................................................10

*Douglas v. Don King Prods., Inc.*,
   736 F. Supp. 223 (D. Nev. 1990) ..........................................................................6

*Empresa De Viacao Aerea Rio Grandense v. Boeing Co.*,
   641 F.2d 746 (9th Cir. 1981) .................................................................................8

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993) ...............................................................................6

*Fogerty v. Fantasy, Inc.*,
   510 U.S. 517 (1994) ...............................................................................................6

*Hana Fin., Inc. v. Hana Bank*,
   500 F. Supp. 2d 1228 (C.D. Cal. 2007) .................................................................3

*Hatchwell v. Blue Shield of Cal.*,
   198 Cal. App. 3d 1027 (1988) ...............................................................................5

*In re Jamster Mktg. Litig.*,
   2008 WL 4858506 (S.D. Cal. Nov. 10, 2008) ....................................................10

*Lectrodryer v. SeoulBank*,
   77 Cal. App. 4th 723 (2000) .................................................................................10

*Melt Franchising, LLC v. PMI Enters., Inc.*,
   No. CV 08-4148, 2009 WL 32587 (C.D. Cal. Jan. 2, 2009) .................................8

*Omstead v. Dell, Inc.*,
   473 F. Supp. 2d 1018 (N.D. Cal. 2007) .................................................................9

*Pegasus Holdings v. Veterinary Ctrs. of Am., Inc.*,
   38 F. Supp. 2d 1158 (C.D. Cal. 1998) ...................................................................3

*Schultz v. Harney*,
   27 Cal. App. 4th 1611 (1994) ..............................................................................11

*Sidney-Vinstein v. A.H. Robins Co.*,
    697 F.2d 880 (9th Cir. 1983) .......................................................................... 6
*Standfacts Credit Servs., Inc. v. Experian Info. Solutions, Inc.*,
    405 F. Supp. 2d 1141 (C.D. Cal. 2005) ........................................................... 7
*Unified W. Grocers, Inc. v. Twin City Fire Ins. Co.*,
    457 F.3d 1106 (9th Cir. 2006) ......................................................................... 9
*Utility Consumers' Action Network v. Sprint Solutions, Inc.*,
    No. C07-CV-2231, 2008 WL 1946859 (S.D. Cal. Apr. 25, 2008) ................... 7
*Wash. Mut. Bank, FA v. Super. Ct.*,
    24 Cal. 4th 906 (2001) ............................................................................... 9, 10
*Ysasi v. Nucentrix Broadband Networks, Inc.*,
    205 F. Supp. 2d 683 (S.D. Tex. 2002) ............................................................ 4

**STATUTES**

15 U.S.C. § 1640(a)(1) ............................................................................................ 4, 5
15 U.S.C. § 1667 .................................................................................................. 1, 3, 4
Cal. Bus. & Prof. Code § 17200 ................................................................................ 2
Cal. Civ. Code § 1559 ................................................................................................ 5
Cal. Civ. Code § 1671 ................................................................................................ 2
Cal. Civ. Code § 1750 ................................................................................................ 2
Fla. Stat. Ann. § 501.201 ......................................................................................... 10
Va. Code Ann. § 59.1-196 ....................................................................................... 10

**OTHER AUTHORITIES**

12 C.F.R. § 213.2 ....................................................................................................... 4
12 C.F.R. Pt. 213.2, Supp. I ....................................................................................... 4
Restatement (Second) of Conflicts of Laws § 187(2) ............................................... 9

**RULES**

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 1, 3
Fed. R. Civ. P. 12(f) ................................................................................................... 6

## I. INTRODUCTION

In this putative nationwide class action, seven Plaintiffs have each asserted seven causes of action challenging the prorated fee they incurred after breaching their agreements to purchase DIRECTV programming for a certain period of time. While DIRECTV believes that none of the claims has merit, it brings this motion to dismiss several causes of action that cannot survive under Federal Rule of Civil Procedure 12(b)(6).

First, Plaintiffs fail to state a claim under the Consumer Leasing Act, 15 U.S.C. § 1667, *et seq.*, because leases of home entertainment receiving equipment—the leases at issue here—are expressly excluded from the scope of that Act. DIRECTV therefore cannot be liable under the Act, even assuming it failed to comply with the statutory disclosure provisions, as Plaintiffs allege.

Second, Plaintiffs' cause of action seeking a declaration that DIRECTV breached an Assurance of Voluntary Compliance it entered into with twenty-two state attorneys general also fails because the Assurance, by its express terms, does not create a private right of action. Furthermore, although Plaintiffs assert exclusively California law claims, California is not a party to the Assurance. In addition to dismissing this claim, the Court should also strike all references to the Assurance in the Complaint.

Third, the four non-California resident Plaintiffs' claims are barred by the choice-of-law provision in their Customer Agreements with DIRECTV. Plaintiffs Lombardi and O'Brien reside in Florida, and the Pifers reside in Virginia. They each agreed that the laws of their home states would apply to any disputes with DIRECTV, yet each now brings claims based exclusively on California law. While DIRECTV concurrently seeks to compel these Plaintiffs' claims to arbitration pursuant to the arbitration provision in their Customer Agreements, DIRECTV seeks, in the alternative, to dismiss their California law claims.

Finally, one of the California-resident plaintiffs, John Mulea, seeks to bring causes of action for money had and received and for unjust enrichment, but has not alleged that DIRECTV received money from him and retained it, essential elements of both of those claims.

DIRECTV's motion should be granted.

## II. PROCEDURAL BACKGROUND

On July 7, 2008, a California-resident DIRECTV customer, Annette Kahaly, along with a Florida-resident customer, Kathleen O'Brien, filed a putative nationwide class action in this Court challenging DIRECTV's assessment of early cancellation fees to customers who breach their agreements to purchase programming for a certain length of time. *Kahaly & O'Brien v. DIRECTV, Inc., et. al.*, Case No. SACV 08-741 AG (ANx) (C.D. Cal.). Following the original *Kahaly* filing, three more lawsuits with similar allegations, theories, and proposed classes were filed in the Central District, and all of those cases have now been consolidated with *Kahaly* before this Court. *See Pifer v. DIRECTV, Inc. et al.*, Case No. CV 08-7486 PSG (AJWx) (C.D. Cal.); *Lombardi v. DIRECTV, Inc. et al.*, Case No. CV 08-7327 CAS (SSx) (C.D. Cal.); *Van Meter v. DIRECTV, Inc.*, Case No. CV 08-7032 MMM (FMOx) (C.D. Cal.). Because of the identity of these actions, on January 20, 2009, the Plaintiffs filed a joint Consolidated Amended Complaint, which added Plaintiff John Mulea to the six existing Plaintiffs. *See* Dkt. No. 31 (Consolidated Amended Complaint) (hereinafter "Complaint" or "Compl.").

The Complaint asserts seven causes of action: (1) violation of Cal. Civ. Code § 1671 (Compl. ¶¶ 65-70); (2) violation of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200 *et seq.*) (Compl. ¶¶ 71-75); (3) violation of the Consumers Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750 *et seq.*) (Compl. ¶¶ 76-89); (4) money had and received (Compl. ¶¶ 90-92); (5) in the alternative, unjust enrichment (Compl. ¶¶ 93-99); (6) declaratory relief (including a request for a declaration that DIRECTV has breached the Assurance of Voluntary

2

1  Compliance) (Compl. ¶¶ 100-01); and (7) violation of the Consumer Leasing Act (15
2  U.S.C. § 1667-1667e) (Compl. ¶¶ 102-12).
3      As to all Plaintiffs, DIRECTV now moves to dismiss the seventh cause of
4  action under the Consumer Leasing Act, as well as the sixth cause of action for
5  declaratory relief as it relates to the Assurance of Voluntary Compliance. It also seeks
6  to dismiss on contractual choice-of-law grounds all claims asserted by the four non-
7  California Plaintiffs. Finally, it moves to dismiss Plaintiff Mulea's assertion of the
8  fourth and fifth causes of action for money had and received and unjust enrichment.

### III.  LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claim[s] stated in the complaint." *Hana Fin., Inc. v. Hana Bank*, 500 F. Supp. 2d 1228, 1232 (C.D. Cal. 2007). Dismissal is appropriate when it is clear that no relief can be granted under any set of facts that could be proven consistent with the complaint's allegations. *Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1101 (9th Cir. 1999). While the Court must view all allegations in the complaint in the light most favorable to the non-moving party, it "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994). Although the scope of review under Rule 12(b)(6) is generally limited to the contents of the complaint, the Court may also consider matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *Pegasus Holdings v. Veterinary Ctrs. of Am., Inc.*, 38 F. Supp. 2d 1158, 1160 (C.D. Cal. 1998).

### IV.  ARGUMENT

**A.  The Consumer Leasing Act Does Not Apply To Leases Of Home Entertainment Receiving Equipment.**

Plaintiffs allege that DIRECTV violated the federal Consumer Leasing Act, 15 U.S.C. § 1667, *et seq.* (the "CLA"), in a number of ways, including by failing to meet

the disclosure obligations laid out by the CLA. *See* Compl. ¶¶ 102-12. Plaintiffs seek statutory and actual damages under 15 U.S.C. § 1640(a)(1) for these purported violations. *Id.* ¶ 112.

As Plaintiffs allege, DIRECTV, like cable companies, leases to its customers the equipment necessary for receiving DIRECTV's programming services. *See* Compl. ¶¶ 23-24. But while Plaintiffs' Complaint states the legal conclusion that these receiver leases are "consumer leases" covered by the CLA (*id.* ¶ 103), this conclusion is wrong. Pursuant to statutory authority (15 U.S.C. § 1667f), the Federal Reserve Board promulgated Regulation M, 12 C.F.R. § 213.2, which excludes from the CLA's definition of "consumer lease" leases of personal property that are incident to the lease of real property. *See* 12 C.F.R. § 213.2(e)(3). The official staff commentary to the CLA definitions further states that "leases incidental to a service" are not consumer leases and are not subject to the Act. *See* 12 C.F.R. Pt. 213, Supp. I, at ¶ 7. The commentary goes on to expressly exempt leases for "[h]ome entertainment systems requiring the consumer to lease equipment that enables a television to receive the transmitted programming." *Id.* at ¶ 7(i).

Although Plaintiffs state that "receiver leases are not incidental to [DIRECTV] programming service" (Compl. ¶ 107), this is again a legal conclusion that need not be accepted as true. *See Clegg*, 18 F.3d at 754-755. In fact, the staff commentary to the act squarely exempts leases of receiving equipment from the ambit of the CLA. *See* 12 C.F.R. Pt. 213, Supp. I. The one federal court to have addressed the applicability of the CLA to leases of home entertainment equipment cited this same commentary and dismissed the plaintiff's CLA cause of action against DIRECTV for failure to state a claim. *Ysasi v. Nucentrix Broadband Networks, Inc.*, 205 F. Supp. 2d 683, 686-87 (S.D. Tex. 2002).

Moreover, even if Plaintiffs could successfully argue for a change in the law, good faith compliance with the staff commentary is a complete defense to liability under Section 1640, the provision under which Plaintiffs seek relief. Section 1640(f)

4

1 provides that: "No provision of [section 1640] shall apply to any act done or omitted
2 in good faith in conformity with any rule, regulation, or interpretation thereof by the
3 [Federal Reserve] Board or in conformity with any interpretation or approval by an
4 official or employee of the Federal Reserve System duly authorized by the Board to
5 issue such interpretations or approvals." 15 U.S.C. § 1640(f).

6     This Court should dismiss the Consumer Leasing Act cause of action.

### B. Plaintiffs Cannot Bring A Declaratory Relief Claim Premised On The Assurance Of Voluntary Compliance, And All References To The Assurance Should Be Stricken.

10     Plaintiffs' sixth cause of action seeks a declaration that "[DIRECTV's] failure
11 to disclose or failure to adequately disclose the Customer Agreement and/or Lease
12 Addendum constitutes a breach of the Voluntary Assurance." Compl. ¶ 101(b). The
13 Voluntary Assurance referred to is the December 2005 Assurance of Voluntary
14 Compliance (the "Assurance"), an agreement entered into between DIRECTV and the
15 attorneys general of twenty-two states (the "Participating States").[1]

16     Plaintiffs cannot, however, obtain declaratory relief based on the Assurance for
17 at least two reasons. First, Plaintiffs are neither parties to the Assurance nor intended
18 third party beneficiaries under it, and therefore do not have standing to sue. *See*
19 *Hatchwell v. Blue Shield of Cal.*, 198 Cal. App. 3d 1027, 1034 (1988) ("Someone
20 who is not a party to the contract has no standing to enforce the contract or to recover
21 extra-contract damages for wrongful withholding of benefits to the contracting
22 party."); Cal. Civ. Code § 1559 (providing that a third party may sue on a contract
23 only where it is "made expressly for the [third party's] benefit"). And the Assurance
24 by its express terms does not create any private right of action not already available
25 under the law. *See* Compl., Ex. A (Assurance) ¶ 51 ("Nothing contained in this

---

[1] Plaintiffs attached the Assurance as Exhibit A to their Complaint.

Assurance of Voluntary Compliance shall be construed to create, waive, or limit any private right of action."). Plaintiffs therefore do not have standing to obtain a declaration that the Assurance has been breached. *See Douglas v. Don King Prods., Inc.*, 736 F. Supp. 223, 224 (D. Nev. 1990) ("Actions for declaratory relief are subject to the same limitations of standing and actual case or controversy as any other litigation").

Second, Plaintiffs, three of whom are California residents, have all asserted that California law applies to this dispute. Compl. ¶ 7. But the Assurance has no effect in California because California is not one of the Participating States. *See* Compl., Ex. A (Assurance), preamble.[2] Accordingly, Plaintiffs' request for declaratory relief regarding the Assurance should be dismissed.

Because Plaintiffs have no viable cause of action related to the Assurance, the remaining references to the Assurance in the Complaint should be stricken. Federal Rule of Civil Procedure 12(f) provides this Court with the authority to strike "any redundant, immaterial, impertinent, or scandalous matter." An immaterial matter "has no essential or important relationship to the claim for relief." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534-35 (1994). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Id.*

Aside from in the declaratory relief claim, Plaintiffs refer to the Assurance both in support of their UCL cause of action, and in their background section. *See* Compl. ¶¶ 44-47, 74. In paragraph 74 of the Complaint, Plaintiffs claim that DIRECTV's alleged breach of the Assurance is a violation of the UCL. "The UCL is a 'borrowing

---

[2] In addition, the Assurance is not, and may not be used as, an admission of wrongdoing on the part of DIRECTV. Compl., Ex. A (Assurance) ¶ 20.

6

1 law' which depends on violations of other laws to take effect." *Standfacts Credit
2 Servs., Inc. v. Experian Info. Solutions, Inc.*, 405 F. Supp. 2d 1141, 1154 (C.D. Cal.
3 2005). Because the Assurance is not law, let alone California law, whether or not the
4 Assurance has been breached is irrelevant to the determination of Plaintiffs' UCL
5 claim, and this allegation should therefore be stricken. *See Utility Consumers' Action
6 Network v. Sprint Solutions, Inc.*, No. C07-CV-2231, 2008 WL 1946859, at *2-*3
7 (S.D. Cal. Apr. 25, 2008) (striking part of UCL cause of action because action alleged
8 "[could not] serve as the basis for an unlawful business act or practice"). Plaintiffs'
9 further allegations include a reference to DIRECTV's purported "obligat[ions]" under
10 the Assurance (Compl. ¶ 45), as well as the inaccurate statement that a violation of the
11 Assurance "is prima facie evidence of a violation of a participating State's consumer
12 protection statute." *Id.* ¶ 47.[3] These allegations are again immaterial, given that there
13 can be no cause of action premised on the Voluntary Assurance, and given that the
14 Complaint relies exclusively on California law when California is not a Participating
15 State.

  Plaintiffs' declaratory relief cause of action premised on the Assurance should
be dismissed, and the Assurance itself, as well as Paragraphs 44-47, 74, and 101(b) of
the Complaint, should be stricken.

**C. The Parties' Choice-Of-Law Agreement Bars The Assertion Of California Claims By Non-California Plaintiffs.**

  Plaintiffs Lombardi, O'Brien and the Pifers agreed in their DIRECTV Customer
Agreement that their home states' laws would govern their relationship with
DIRECTV. *See* Req. Jud. Not., Ex. 1, § 10(b) (establishing the applicable law as "the

---

[3] Plaintiffs' allegation that a violation of the Assurance is prima facie evidence of a violation of a Participating State's consumer protection statute does not apply to the California statutes under which Plaintiffs sue, as California is not a "Participating State." Nor do all Participating States even adopt that rule. *See* Compl., Ex. A (Assurance) ¶ 54 (applying "prima facie" rule only to "certain" Participating States).

1  laws of the state and local area where Service is provided to you").[4]  DIRECTV has
2  moved to compel arbitration of these Plaintiffs' claims on the ground that the laws of
3  Virginia—the Pifers' home state (Compl. ¶ 16)—and Florida—Lombardi's and
4  O'Brien's home state (*id.* ¶¶ 13, 15)—would uphold the arbitration provision in the
5  Customer Agreement.  But if this Court declines to compel these non-California
6  Plaintiffs' claims to arbitration, a separate contractual choice-of-law analysis must be
7  undertaken to determine which laws apply to Plaintiffs' substantive claims.  *See S.A.*
8  *Empresa De Viacao Aerea Rio Grandense v. Boeing Co.*, 641 F.2d 746, 749 (9th Cir.
9  1981) ("A separate choice-of-law inquiry must be made with respect to each issue in a
10 case.").

11       DIRECTV therefore moves, in the alternative, to dismiss the non-California
12 Plaintiffs' California law claims as barred by the parties' agreed upon choice-of-law in
13 their Customer Agreements.  All of these Plaintiffs' claims, including three statutory
14 claims, are expressly asserted under California law.  *See* Compl. ¶ 7 ("California law
15 applies to the claims and issues asserted herein."); *id.* ¶¶ 65-89.  These Plaintiffs
16 cannot, however, assert claims under California law because the Pifers agreed that
17 Virginia law would apply, and O'Brien and Lombardi agreed that Florida law would
18 apply. *See Melt Franchising, LLC v. PMI Enters., Inc.*, No. CV 08-4148, 2009 WL
19 32587, at *2-*3 (C.D. Cal. Jan. 2, 2009) (dismissing California statutory claims based
20 on presence of valid Massachusetts choice-of-law clause); *Cont'l Airlines, Inc. v.*
21 *Mundo Travel Corp*., 412 F. Supp. 2d 1059, 1070 (E.D. Cal. 2006) ("A valid choice-
22 of-law provision selecting another state's law is grounds to dismiss a claim under
23 California's UCL."); *Davis v. Maryland Bank*, 2002 WL 32713429, at *10 (N.D. Cal.

---

[4] As explained in DIRECTV's Request for Judicial Notice, filed concurrently, this Court may properly take notice of Plaintiffs' Customer Agreements with DIRECTV, which contain the choice-of-law provisions.  *See* DIRECTV's Req. Jud. Not.

1  June 19, 2002) (dismissing California statutory claims where contractual choice-of-
2  law provision mandated application of Delaware law).
3       Although Plaintiffs might argue otherwise, the choice-of-law provision is valid
4  and enforceable.  This Court applies California choice-of-law principles to determine
5  whether or not to give force to the parties' contractual choice of Virginia and Florida
6  law.  *See Unified W. Grocers, Inc. v. Twin City Fire Ins. Co.*, 457 F.3d 1106, 1111
7  (9th Cir. 2006).  In so determining, "California courts apply the principles set forth in
8  § 187 of the Restatement, which reflects a strong policy favoring enforcement of such
9  provisions."  *Omstead v. Dell, Inc.*, 473 F. Supp. 2d 1018, 1023 (N.D. Cal. 2007).
10 Under the Restatement (Second) of Conflict of Laws ("Restatement") standard,
11 choice-of-law agreements should be enforced unless either (a) "the chosen state has no
12 substantial relationship to the parties or the transaction and there is no other
13 reasonable basis for the parties' choice," or (b) "application of the law of the chosen
14 state would be contrary to a fundamental policy of a state which has a materially
15 greater interest than the chosen state in the determination of the particular issue . . . ."
16 Restatement § 187(2).  The Restatement standard, and the strong policy favoring the
17 enforcement of choice-of-law provisions, apply equally to all contracts, including
18 form consumer contracts.  *See Wash. Mut. Bank, FA v. Super. Ct.*, 24 Cal. 4th 906,
19 917 (2001).
20      In this case, Virginia and Florida have a substantial relationship to the parties
21 and the transactions in question.  That Plaintiffs are Virginia and Florida residents is
22 alone sufficient to establish a "reasonable basis" for the parties' choice of Virginia and
23 Florida law.  *See ABF Capital Corp. v. Berglass*, 130 Cal. App. 4th 825, 834-35
24 (2005) ("That one of the parties resides in a foreign state gives the parties a reasonable
25 ground for choosing that state's law.").
26     To invalidate the choice-of-law provision, then, Plaintiffs would have to
27 demonstrate both that applying Virginia or Florida law would violate a fundamental
28 policy of California ***and*** that California has a materially greater interest than Virginia

or Florida in determining the issues in this case. *See Wash. Mut.*, 24 Cal. 4th at 917 (after substantial relationship is established, burden shifts to party opposing choice-of-law provision). Plaintiffs cannot meet this burden. Here, the Plaintiffs are Virginia and Florida residents whose consumer dealings with DIRECTV took place entirely in their home states. There is no fundamental policy in California requiring California to apply its laws to out-of-state consumers, especially where those consumers' home states have enacted their own statutory schemes to address the same alleged conduct. *See, e.g.,* Virginia Consumer Protection Act (VCPA), Va. Code Ann. § 59.1-196 *et seq.*; Florida Deceptive & Unfair Trade Practices Act (FDUTPA), Fla. Stat. Ann. § 501.201, *et seq.* Nor does California have a materially greater interest in the issues involved than do Florida or Virginia, where the Plaintiffs reside and where the alleged harm occurred. *See, e.g., Discover Bank v. Super. Ct.*, 134 Cal. App. 4th 886, 895 (2005) ("California has no greater interest in protecting other states' consumers than other states have in protecting California's."); *In re Jamster Mktg. Litig.*, 2008 WL 4858506, at *3 (S.D. Cal. Nov. 10, 2008) ("[I]t is difficult to see that California has anything other than a minimal interest in applying its laws to residents of Maryland, Mississippi and Illinois for alleged wrongs occurring outside its territory.").

Accordingly, the Court should enforce the parties' choice-of-law provision. Because O'Brien, Lombardi, and the Pifers have alleged that all of their claims, and not just the California statutory claims, arise under California law, the Complaint should be dismissed in its entirety as to these Plaintiffs.

### D. Plaintiff Mulea's Money Had And Received And Unjust Enrichment Claims Should Be Dismissed Because He Has Failed To Allege Essential Elements Of Those Claims.

The elements of an unjust enrichment claim under California law are the "receipt of a benefit and [the] unjust retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000). Similarly, "[a] cause of action is stated for money had and received if the defendant is indebted

to the plaintiff in a certain sum 'for money had and received by the defendant for the use of the plaintiff.'" *Schultz v. Harney*, 27 Cal. App. 4th 1611, 1623 (1994).

Plaintiff Mulea does not, and cannot, allege either that he paid money to DIRECTV or that DIRECTV has retained money belonging to him. He alleges instead that "DIRECTV assessed an early cancellation fee of $200 to [his] account." Compl. ¶ 14. But that a fee was "assessed" does not mean it was ever actually paid or charged to his credit card. Plaintiff Mulea's allegation stands in contrast to the allegations made by the other six Plaintiffs, who all state that DIRECTV charged money to their credit or debit cards. *Compare* Compl. ¶ 14 *with* ¶¶ 12, 13, 15-17. Because Plaintiff Mulea has not alleged these essential elements of a money had and received claim or an unjust enrichment claim, the Court should dismiss these claims as to Mulea.

## V. CONCLUSION

Plaintiffs have failed to state a claim under the Consumer Leasing Act and for declaratory relief based on the Assurance of Voluntary Compliance. In addition, in the event this Court does not compel arbitration of the claims made by Plaintiffs O'Brien, Lombardi, and the Pifers, this Court should dismiss the Complaint as to them because their California law claims are barred by the choice-of-law provision in their Customer Agreements. Finally, Plaintiff Mulea's claims for money had and received and unjust enrichment should be dismissed for failure to allege essential elements of those causes of action.

Dated: March 6, 2009                                KIRKLAND & ELLIS LLP


                                                    By:   /s/ Robyn E. Bladow
                                                          Robyn E. Bladow

                                                    Attorneys for Defendant DIRECTV, Inc.

11

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2009, I have electronically filed the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DIRECTV'S MOTION TO DISMISS CLAIMS AND TO STRIKE ALLEGATIONS IN PLAINTIFFS' CONSOLIDATED CLASS COMPLAINT**

with the Clerk of the Court by using the CM/ECF system, which will automatically send an e-mail notification of such filing to the attorneys of record listed below who are registered CM/ECF users.

| | |
|---|---|
| **Blake Muir Harper** <br> bmh@hulettharper.com <br> katie@hulettharper.com | **Sarah P. Weber** <br> sweber@hulettharper.com |
| **Brian S. Kabateck** <br> bsk@kbklawyers.com | **Eric Stoppenhagen** <br> eric@stoppenhagen.com |
| **Jonathan Shub** <br> jshub@seegerweiss.com <br> atorres@seegerweiss.com | **Richard L. Kellner** <br> rlk@kbklawyers.com <br> icd@kbklawyers.com |
| **Paul M. Weiss** <br> paul@freedweiss.com | **Richard J. Burke** <br> rich@richardjburke.com |
| **George K. Lang** <br> george@freedweiss.com | **Jamie E. Weiss** <br> jamie@freedweiss.com |
| **Jonathan D. Selbin** <br> jselbin@lchb.com | **Kristen E. Law** <br> klaw@lchb.com |
| **Nimish R. Desai** <br> ndesai@lchb.com | **Anthony L. Vitullo** <br> lvitullo@feesmith.com |
| **Tracy D. Rezvani** <br> trezvani@finkelsteinthompson.com | **Daniel T. LeBel** <br> srenwick@finkelsteinthompson.com <br> dlebel@finkelsteinthompson.com |
| **Rosemary M. Rivas** <br> rrivas@finkelsteinthompson.com | |

1  I further certify that some of the participants in the case are not registered
2  CM/ECF users. I have mailed a copy of the foregoing document by U.S. First Class
3  Mail, postage prepaid to the following non-CM/ECF participants:

**James E. Cecchi**  
Carella Byrne Bain Gilfillan Cecchi  
Stewart and Olstein  
5 Becker Farm Road  
Roseland, NJ 07068

**Douglas G. Thompson**  
Finkelstein Thompson LLP  
1050 30th Street NW  
Washington, DC 20007

**Alfredo Torrijos**  
Kabateck Brown Kellner LLP  
644 S. Figueroa Street  
Los Angeles, CA 90017

**Jeffrey A. Leon**  
Freed & Weiss LLC  
111 West Washington Street, Suite 1331  
Chicago, IL 60602

**Michael J. Lotus**  
Freed & Weiss LLC  
111 West Washington Street,  
Suite 1331  
Chicago, IL 60602

Executed March 6, 2009, at Los Angeles, California.

KIRKLAND & ELLIS LLP

By:  _____/s/ Robyn E. Bladow_____  
      Robyn E. Bladow

Attorneys for Defendant DIRECTV, Inc.